**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Shawn Cheever</u>

    v.                                            Civil No. 06-cv-351-JM

<u>Sergeant Michael Erdmark, et al.</u>

**<u>O R D E R</u>**

Plaintiff Shawn Cheever brought this 42 U.S.C. § 1983 action against defendants claiming they violated his Eighth Amendment right to be free from cruel and unusual punishment while he was incarcerated at the New Hampshire State Prison. Defendants move for summary judgment. Plaintiff objects. Given the many genuine issues of material fact, the motion (document no. 25) is denied.

<u>Discussion</u>

**1. Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c).  The record evidence is taken in the light most favorable to the nonmoving party.  See Zambrana-Marrero v. Suarez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999).  "[A]n issue is 'genuine' if the evidence presented is such that a reasonable jury could resolve the issue in favor of the nonmoving party and a 'material' fact is one that might affect the outcome of the suit under governing law."  Fajardo Shopping Ctr. v. Sun Alliance Ins. Co., 167 F.3d 1, 7 (1st Cir. 1999).  Summary judgment will not be granted as long as a reasonable jury could return a verdict in favor of the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The facts must be viewed in the light most favorable to the non-moving party, construing all reasonable inferences and all credibility issues in his favor.  See id. at 255; see also Suarez v. Pueblo Int'l, Inc., 229 F.3d49, 53 (1st Cir. 2000).  The burden of showing an absence of any genuine issues of material fact lies with the moving party.  See Navarro v. Pfizer Corp., 261 F.3d 90, 93-94 (1st Cir. 2001).

**2.   Genuine Issues of Material Fact**

Both defendants' and plaintiff's filings demonstrate genuine issues of material fact.  It is the role of the jury at trial,

and not a judge at summary judgment, to decide the facts and assess credibility. The following comparison reflects some of the important material factual issues:

| Plaintiff's Evidence | Defendants' Evidence |
|---|---|
| 1. At SHU defendants cursed and yelled at plaintiff. | 1. Defendants gave plaintiff commands. |
| 2. Defendants "slammed" plaintiff's torso against the wall. | 2. Defendant couldn't remember his body moves. |
| 3. Plaintiff did not resist. | 3. Plaintiff wouldn't obey. |
| 4. The handcuffed (behind his back) plaintiff was "slammed" to the ground. | 4. A non-compliant plaintiff was picked up and placed on the floor on his stomach. |
| 5. Plaintiff was kicked in the face and head. | 5-9. Plaintiff was held by his arms and upper back by a defendant. |
| 6. Plaintiff was punched. | |
| 7. Plaintiff's ankles and feet were stomped on. | |
| 8. Plaintiff was kicked in the ribs. | |
| 9. Plaintiff's face was slammed to the floor. | |
| 10. Defendants took plaintiff to SHU where they slammed him against the wall chest first and caused him to hit his forehead. | 10. Plaintiff was lifted from the floor and taken to the J room. |

| | |
|---|---|
| 11. Thereafter, he was harassed – his cell was trashed; his mail was flushed down the toilet; his soap and deodorant were smashed; toilet paper, sheets and blanket removed; denied shower and phone; family photos torn up; and his food thrown on the floor. | 11. Plaintiff was out of control and appropriately restrained. |
| 12. Bruised, bleeding and emotional distress injuries. | 12. A de minimus bump. |

It is clear that there are many genuine issues of material fact. If the jury accepts plaintiff's version of the facts, they establish both the objective and subjective components of an Eighth Amendment claim. Slamming people against walls and the floor and kicking them in the face, back, head and ribs is objectively sufficiently egregious that it offends evolving standards of decency in clear violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The jury on these facts can find "an unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319-20 (1986). Additionally, if the jury accepts plaintiff's story, that rough treatment, combined with the cursing, swearing and harassing conduct – if believed – evinces defendants' deliberate indifference to plaintiff's welfare to satisfy the "culpable

state of mind" prong of an Eighth Amendment claim.  See Guron v. Corrections Corp. of America, 191 F.3d 1281, 1289 (10th Cir. 1999) (citing Hudson v. McMillan, 503 U.S. 1, 8 (1992)).  Under the circumstances presented on the current record, with diametrically opposing versions of the events that occurred, summary judgment cannot be awarded.

**3. Qualified Immunity**

The qualified immunity defense is raised by defendants in two brief paragraphs without any factual argument.  "The district court is free to disregard arguments that are not adequately developed."  Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999).  I adopt the plaintiff's more developed arguments in paragraphs 18-21 of his memorandum and decline to develop defendants' arguments for the immunity defense claimed.

### Conclusion

Defendants' motion for Summary Judgment (document no. 25) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: June 2, 2009
cc:   Michael J. Sheehan, Esq.
      James William Kennedy, Esq.