UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW HAMPSHIRE

Shawn Cheever,
    Plaintiff,

v().  Civil No. 06-CV-351-JM

Michael Edmark et al.,
    Defendants.

**Motion for Attorney's Fees and Costs**

Plaintiff Shawn Cheever, through counsel, respectfully moves this court pursuant to 42 U.S.C. §1988, for an award of $10,320 in attorney fees, $1,120 in paralegal fees, and $1,177 in costs to prior counsel Lawrence Vogelman, and $17,020 in fees to trial counsel Michael Sheehan as a result of the jury's verdict on plaintiff's constitutional claim and award of $80,000 in punitive damages.

In support of this motion, Cheever represents as follows:

1.     Cheever alleged in this action claims of excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, and state law claims of assault, battery and intentional infliction of emotional distress. The intentional infliction of emotional distress claim was dismissed without objection prior to trial (and with little pre-trial discovery nor litigation on either side relating to that claim). The jury heard the constitutional claim and the state law assault and battery claims.

1

2.		The jury found for Cheever on his constitutional claim, awarded one dollar in nominal damages and $40,000 in punitive damages against each defendant, for a total award of $80,001.  The jury found for defendants on the assault and battery claims.

3.		Cheever now seeks an award of attorney's fees and costs to which he is entitled as the prevailing party.  42 U.S.C. §1988; *see Poy v. Boutselis*, 352 F.3d 479, 487-88 (1st Cir. 2003) (discussing the "law of prevailing parties").

4.		As a preliminary matter, the Prison Litigation Reform Act (PLRA) and its limitations on attorneys' fees do not apply to this case because Cheever was not "confined to any jail [or] prison" at the time he filed suit.  *See* 42 U.S.C. §1997e.  Cheever waited until after his release from prison before filing this complaint in September 2006.

5.		It is well accepted among the circuits that the various hurdles PLRA places in front of prisoner-plaintiffs, including limits on fees, simply do not apply when the plaintiff is a non-prisoner at the time of filing suit.  *See Ahmed v. Dragovich*, 297 F.3d 201, 210 n. 10 (3rd Cir. 2002) ("we note that every court of appeals to have considered the issue has held that the PLRA does not apply to actions filed by former prisoners"); *see also Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 34-35 (1st Cir. 2002) (argument does not apply to a plaintiff prisoner who has been transferred from the offending jail to another institution); *Schwartz v. Snohomish*

*County*, 2006 WL 692024, at *3 (W.D.Wash. 2006) ("More importantly, it appears that every federal court of appeals that has considered this issue has held that the PLRA's exhaustion requirements do not apply to suits brought by former prisoners- a body of case law that includes decisions issued after the Supreme Court's ruling in *Porter* [*v. Nussle*, 534 U.S. 516 (2002)] and *Booth* [*v. Churner*, 532 U.S. 731 (2001)]) (collecting cases); *Rivera-Rodriguez v. Pereira-Castillo*, 2005 WL 290160 (D.Puerto Rico 2005).

6. Since Cheever was not confined at the time he filed suit (and at no time since), any restrictions that the PLRA may impose on fee awards do not apply here.

7. Therefore, Cheever's request for fees is governed by the normal rubric of (1) evaluating the extent to which the Cheever was successful, (2) determining the reasonableness of the hours spent, and (3) applying an appropriate hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

8. First, Cheever was successful on the core claim that consumed all of the evidence, all of the witnesses and all of the trial time, that defendants violated Cheever's Eighth Amendment right to be free from excessive force.

9. Cheever's failure to prevail on the state law assault and batter claim has no impact on this fee request because even defendants agree that the claims were "essentially the same," the instruction defendants asked the court to give from

3

*Statchen v. Palmer,* No. 08-CV-128-JD.  Since the claims were "essentially the same," there was a complete overlap in plaintiff's efforts to prove the parallel claims and, therefore, there should be no reduction in fees for the jury's finding against plaintiff on the assault and battery claims because there would have been no corresponding reduction in counsels' efforts.

10. The second factor is the reasonableness of the time spent.  Attached as Exhibits A, B and C are an affidavit and two itemized bills from Attorney Lawrence Vogelman who represented Cheever from the beginning through most of the pretrial discovery.  Mr. Vogelman's bills are itemized and describe with sufficient detail the hours spent through the first half of the litigation.

11. Attached as Exhibits D and E are the affidavit and bill, respectively, from undersigned counsel who successfully litigated defendants' summary judgment motion and conducted the trial.  These bills are also itemized with sufficient detail.

12. The descriptions in the bills themselves demonstrate that the number of hours spent and that the time spent was directly related to the successful outcome in this case and demonstrate no duplication of work.  Broadly speaking, Mr. Vogelman obtained the case, drafted and filed the complaint and conducted all the pretrial discovery except for defending Mr. Cheever's deposition.  Undersigned counsel did very little additional discovery, defended Mr. Cheever's deposition, responded to summary judgment and conducted the trial.

13. A review of the bottom line alone indicates the reasonableness of the hours billed. Both lawyers spent only about 100 hours to take a civil rights case to verdict.

14. Should defendants challenge the total time spent, Cheever will request discovery of defense counsel's time totals for comparison.

15. Last is the hourly rate. Mr. Vogelman requests an hourly rate of $300 and, in support of that rate, describes his substantial expertise, experience and the all-too-true statement that, "without the prospect or possibility of a reasonable attorney fee award ... few if any attorneys would have been willing to represent the plaintiff in this case." *See* Exhibit A.

16. Undersigned counsel requests an hourly rate of $250. In support of this rate, counsel offers the following.

17. Judge Barbadoro approved a rate of $175/hour when undersigned counsel prevailed in a sex discrimination case ten years ago. (*Clockedile v. NH Dept. of Corrections*, No. 97-CV-39-PB, Doc 78). The increase from $175 in 1999 to $250 now represents about a 4% annual increase.

18. And recent orders from this court demonstrate the reasonableness of a $250 hourly rate. *See Bryan v. Litchfield School District*, 2005DNH162 (using a $225 hourly rate for Ronald Lospennato, Esq., and $200 for Amy Messer, Esq.); *T-Peq, Inc. v. Vermont Timber Works*, 2005DNH152 (granted $200/hour for Attorney

Whittington); *Marden v. City of Manchester*, 2004DNH126 (approving $210 for Martha Van Oot and $180 for Jennifer Eber); *Cohen v. Brown University*, 2003DNH112 (awarding fees to out-of-state counsel at rates of $200, $210, $250 and $305).

19. Other courts within the First Circuit have approved higher rates in civil rights cases. *See Bogan v. City of Boston*, 432 F.Supp.2d 222 (D.Mass. 2006) (approving fees of $300 for little-involved "senior" attorney and $200 for "lead" attorney who had only three or four years experience), *aff'd* __F.3d__ (1st Cir. 2007); *Reyes Canada v. Rey Hernandez*, 411 F.Supp. 2d 53, 56 (D. Puerto Rico 2006) ($300 per hour); *T&D Video v. City of Revere*, 848 N.E.2d 1221, 1238 (Mass. App. 2006) (accepting as "warranted" rates of $250 to $400 per hour); *LaPlante v. Pepe*, 307 F.Supp.2d 219, 224 (D.Mass. 2004) (approving rates of $300 and $275 per hour).

20. Rates of $300 and $250 per hour fit within those rates charged in 2006 by New Hampshire lawyers of like experience and expertise according to the New Hampshire Bar Association's 2006 Statistical Supplement to a survey of the New Hampshire bar. Exhibit F, at 5, 9, 12 and 15. It is reasonable to assume that the rates generally charged by New Hampshire lawyers have increased during the three years since that survey.

21. And counsel are two of the very few lawyers who litigate prisoner rights

cases, have tried a number of these cases, and have achieved remarkable success given the many problems inherent in such litigation.

22.     No memorandum of law is necessary as the relevant authority is cited here.

23.     Counsel for defendants, James Kennedy, Esq., objects to the relief sought.

WHEREFORE, plaintiff Shawn Cheever respectfully asks this court to:

a award counsel $27,340 in fees ($10,320 to Mr. Vogelman, and $17,020 to undersigned counsel),

b. award $1,120 in paralegal fees to Mr. Vogelman's firm;

c. award counsel $1,177 in costs to Mr. Vogelman's firm;

d. grant any further relief deemed just and proper.

Respectfully submitted,
Shawn Cheever,
By his attorney,

/s/ Michael J. Sheehan
Michael J. Sheehan, Esq. #6590
3 North Spring Street #101
Concord, NH 03301
(603) 225-5240
msheehan@usa.net

State of New Hampshire
Merrimack, ss.

I certify that today, October 7, 2009, I forwarded a copy of this motion to James Kennedy, Esq., via ECF.

/s/ Michael J. Sheehan
Michael J. Sheehan